**MEAD v JOHNSTON**

Ohio Appeals, 2nd Dist, Franklin Co

No 2265. Decided March 14, 1933

D. B. Ulrey, Columbus, and D. E. Evans, Columbus, for plaintiff in error.

Walter S. Page, Columbus, and T. J. Hadley, Columbus, for defendant in error.

KUNKLE, J.

We have read the record in this case and have also considered the briefs which have been filed by counsel.

There is ample evidence in the record which, if believed by the jury, warranted a finding that the defendant in error found a purchaser for this farm who was ready, able and willing to buy the same at the price fixed in the contract entered into between plaintiff in error and defendant in error for the sale of the premises in question.

There is also evidence in the record which, if believed, warranted the jury in finding that the reason for plaintiff in error refusing to carry out the contract was that he objected to selling the farm to the purchaser whom the defendant in error secured because of certain unfriendly relations between the plaintiff in error and the prospective purchaser.

At the time of these negotiations, the relations between the plaintiff in error and his wife were not of an amicable nature. The written contract entered into between plaintiff in error and defendant in error contains no provision in reference to the signature of the wife of plaintiff in error, but assuming that there was some conversation of the nature suggested by plaintiff in error, we think the record contains evidence which, if believed by the jury, warranted a finding that the wife of plaintiff in error consented to the arrangement provided plaintiff in error, out of the purchase money, would pay her the money which she claims he had agreed to pay.

The real controversy relates to the question as to whether there was an alteration of the contract sued upon after the same was executed by plaintiff in error. If additions were made to such written contract, were they made with the approval of plaintiff in error?

This is a disputed question of fact which was submitted to the jury. There is evidence in the record which warranted the jury in finding for the defendant in error, as it did, upon this issue. This being a disputed question of fact, it fell peculiarly within the province of the jury. Upon such disputed question of fact we would not be prepared to find that the verdict of the jury was against the manifest weight of the evidence.

Counsel for plaintiff in error claim the judgment should be reversed because of the holding in the case of **Warner and Company v Brau et, 33 Oh Ap, page 84.** There is evidence in this case which clearly distinguishes the case at bar from the case of Warner and Company v Brau.

We have read the charge of the court with care and think the same fully and fairly presented the issues in the case to the jury for its consideration. We assume that counsel upon both sides also entertained the same opinion in reference to the charge of the court as, according to the record, neither side took exceptions to the general charge.

At the conclusion of the testimony, counsel for plaintiff in error asked the court to give to the jury three special instructions before argument of counsel. The third special instruction was given as requested and this instruction presented in the most favorable light to which plaintiff in error was entitled the real issue in the case, viz, that relating to changing the terms of the written contract.

Counsel for plaintiff in error in their brief do not claim any prejudicial error in the court's refusing to give the first and second special instructions and upon consideration of such special instructions we find no prejudicial error in the court's refusal to give the same.

From a consideration of the entire record, we find no error therein which in our opinion would warrant a reviewing court in disturbing the judgment of the lower court. The same will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.